UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GLOBALSANTAFE DRILLING COMPANY | CIVIL ACTION |
| VERSUS | NO. 12-1987 |
| CHARLES QUINN | SECTION "F" |

ORDER AND REASONS

Before the Court is Charles Quinn's motion to dismiss his employer's, GlobalSantaFe Drilling Company, complaint for declaratory judgment. For the reasons that follow, the motion is GRANTED.

Background

This case involves personal injuries that were allegedly sustained while working on board a vessel and the employer's obligation for maintenance and cure.

Charles Quinn was employed by GlobalSantaFe Drilling Company as a member of the crew of the mobile offshore drilling unit DEVELOPMENT DRILLER II when, on or about May 19, 2012, Mr. Quinn was allegedly injured while working. Mr. Quinn claimed to have lower back pain and was subsequently seen by several medical professionals in the greater New Orleans area.[1] GlobalSantaFe

---

[1] Mr. Quinn was first seen by a doctor on the rig. On May 22, 2012, he was flown to Houma, Louisiana, where further examination revealed a mass on his right kidney. One day later, Mr. Quinn went to another doctor at the Southern Brain and Spine Center in Metairie, Louisiana. He was then seen by a doctor at Ochsner Hospital in New Orleans on May 24, 2012, for the mass found on his kidney. It is believed, but not confirmed, that Mr. Quinn

1

began paying maintenance and cure and voluntary supplemental benefits.

On July 30, 2012, counsel for Mr. Quinn faxed a letter to the insurance adjuster for GlobalSantaFe stating (1) Mr. Quinn was represented by counsel, (2) Mr. Quinn wanted to see medical specialists of his choosing, and (3) Mr. Quinn would not attend the medical appointments GlobalSantaFe scheduled for him in New Orleans the following day. GlobalSantaFe terminated the voluntary supplemental benefits when Mr. Quinn did not attend the scheduled medical examinations but still pays maintenance and cure. Mr. Quinn has not yet instituted legal action regarding the alleged injury that arose on May 19, 2012.

On August 1, 2012, two days after Mr. Quinn's fax, GlobalSantaFe filed a complaint in this Court seeking declaratory judgment on its obligation to pay maintenance and cure benefits to Mr. Quinn. GlobalSantaFe also requests that the Court order Mr. Quinn to pay damages for his failure to cooperate in the investigation of his maintenance and cure claim, including the expenses associated with his failure to appear for scheduled appointments. Mr. Quinn now moves to dismiss GlobalSantaFe's complaint for declaratory judgment.

---

had his kidney removed because of the mass. On June 20, 2012, Mr. Quinn went back to the doctor at the Southern Brain and Spine Center, who recommended Mr. Quinn participate in physical therapy and remain on light duty at work until the therapy was completed.

Standard for Dismissal of a Declaratory Judgment Action

For claims brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 (2006), a district court must engage in a three-step inquiry when determining whether to retain or dismiss a complaint for declaratory relief. The district court must consider (1) whether the action is justiciable, (2) whether the court has the authority to grant declaratory relief, and (3) whether to exercise its discretion to decide or dismiss a declaratory judgment action. See Orix Credit Alliance, Inc. v. Wolfe, 212 F.3d 891, 895 (5th Cir. 2000).

It is well established that a district court has broad discretion in determining whether to dismiss a declaratory action. See St. Paul Ins. Co. v. Trejo, 39 F.3d 585, 590 (5th Cir. 1994); Mission Ins. Co. v. Puritan Fashions Corp., 706 F.2d 599, 601 (5th Cir. 1983) (noting how the Declaratory Judgment Act provides the district court with a choice to hear a declaratory action, not a command). The Fifth Circuit has articulated seven non-exclusive factors for a district court to consider in determining whether dismissal is appropriate. These factors are:

> 1. whether there is a pending state action in which all of the matters in controversy may be fully litigated;
> 2. whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
> 3. whether the plaintiff engaged in forum shopping in bringing the suit;
> 4. whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
> 5. whether the federal court is a convenient forum for

3

the parties and witnesses;
        6. whether retaining the lawsuit would serve the purposes
        of judicial economy; and
        7. whether the federal court is being called on to
        construe a state judicial decree involving the same
        parties and entered by the court before whom the parallel
        state suit between the same parties is pending.

Trejo, 39 F.3d at 590-91; see also Vulcan Materials Co. v. City of Tehuacana, 238 F.3d 382, 390 (5th Cir. 2001); Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc., 996 F.2d 774, 778 (5th Cir. 1993).

Notably, "none of these factors take precedence over the others, and the district court has discretion to consider as many of the variables as it wishes." In re Complaint of Pride Offshore, Inc., No. 00-2489, 2001 WL 13336, at *2 (E.D. La. Jan. 5, 2001) (citing Torch Inc. v. LeBlanc, 847 F.2d 193, 195 (5th Cir. 1991)).

## I. Discussion

Defendant submits that the Court should dismiss the complaint for declaratory judgment. The Court agrees.

The first two prongs of the three-part inquiry as to whether to dismiss an action for declaratory relief are not at issue here.[2] As a result, the Court's analysis focuses solely on its

---

[2] First, this action is justiciable because a substantial controversy presently exists between two adverse parties. See Orix Credit Alliance, 212 F.3d at 896 (citing Middle S. Energy, Inc. v. City of New Orleans, 800 F.2d 488, 490 (5th Cir. 1986)). Mr. Quinn complains of an injury he allegedly obtained while working for the plaintiff, GlobalSantaFe. Therefore, the Court finds the justiciability requirement met. Second, the Court has

4

discretion to decide or dismiss this action, which requires examining the seven non-exclusive Trejo factors.

*A.*

The first and seventh Trejo factors address "the proper allocation of decision-making between state and federal courts." Sherwin-Williams Co. v. Holmes Cnty., 343 F.3d 383, 390 (5th Cir. 2003). Here, the seventh factor is not implicated given the facts of the case, because the Court is not being called on to construe a state judicial decree. The first factor, however, requires the Court to consider any "pending state action in which all of the matters in controversy may be fully litigated." Trejo, 39 F.3d at 590-91. Mr. Quinn has not yet initiated a lawsuit regarding the disputed incident on May 19, 2012. The fact that Mr. Quinn has not yet sued in state court, however, is not dispositive. The Fifth Circuit has expressly stated that "[t]he lack of a pending parallel state proceeding should not automatically require a district court to decide a declaratory judgment action." Sherwin-Williams, 343 F.3d at 394; see also Offshore Liftboats, LLC v. Bodden, No. 12-700, 2012 WL 2064496, at *2 (E.D. La. June 7, 2012) (noting that the absence of a pending parallel state proceeding does not require the district court to retain a declaratory action). Accordingly, the first

---

authority in this case to grant declaratory relief because it has jurisdiction over the matter pursuant to §§ 28 U.S.C. 1331, 1333 (2006). Thus, the second requirement is met.

5

Trejo factor is neutral.

*B.*

The second, third, and fourth Trejo factors address "fairness" concerns relating to forum selection. See Sherwin-Williams, 343 F.3d at 391. These factors weigh slightly in favor of dismissal.

Regarding the second factor, it is clear that GlobalSantaFe filed its complaint two days after learning that Mr. Quinn had hired a lawyer. GlobalSantaFe contends that it was unable to properly investigate Mr. Quinn's claim for maintenance and cure because Mr. Quinn was stubborn and uncommunicative. The record, however, indicates that Mr. Quinn went to all medical examinations except for the July 31, 2012 appointment, which he did not attend because he requested through counsel to see medical professionals of his own choosing. Considering the timing of the filing of this declaratory action, it appears that GlobalSantaFe filed in anticipation of a lawsuit by Mr. Quinn as a preemptive strike.[3]

---

[3] After this declaratory action was filed, GlobalSantaFe contends that Mr. Quinn has been uncooperative because Mr. Quinn's counsel has not responded to GlobalSantaFe's requests. Mr. Quinn's counsel, however, is communicating with GlobalSantaFe, albeit not to GlobalSantaFe's liking. See Offshore Liftboats, 2012 WL 2064496, at *3 ("[R]esolving the issues raised in this declaratory judgment action ultimately may be unnecessary. . . . if counsel for the parties would confer and negotiate with one another regarding [seaman's] complaints.").

As to the third factor and fourth factor, whether the plaintiff engaged in forum shopping in bringing the suit and whether possible inequities exist in allowing the declaratory plaintiff to gain precedence in time or to change forums, the Court considers them together.

GlobalSantaFe denies that it engaged in forum shopping by bringing this action in the Eastern District of Louisiana, because Mr. Quinn received his medical treatment in the greater New Orleans area. Mr. Quinn responds that GlobalSantaFe's suit is a preemptive strike to deprive him of his right to seek a jury trial. That is a characterization that seems difficult to avoid.

The law is clear that a Jones Act seaman has the right to have a jury decide his maintenance and cure claim when it is joined with a Jones Act claim. Fitzgerald v. U.S. Lines Co., 374 U.S. 16, 21 (1963) ("[A] maintenance and cure claim joined with a Jones Act claim must be submitted to the jury when both arise out of one set of facts.); Luera v. M/V Alberta, 635 F.3d 181, 191-92 (5th Cir. 2011); Rowan Cos., Inc. v. Blanton, 764 F. Supp. 1090, 1092 (E.D. La. 1991). Mr. Quinn informs the Court that he intends to file a claim for maintenance and cure, along with his Jones Act personal injury claim, in state court. Therefore, Mr. Quinn asserts that GlobalSantaFe's declaratory action preemptively deprives him of his preferred legal forum, and

inequities exist if this Court decides his maintenance and cure issue.

It cannot be disputed that Mr. Quinn has a right to a jury trial under the Jones Act; but also that GlobalSantaFe cannot be barred from investigating claims made by its employees for maintenance and cure. The company argues that under Mr. Quinn's reasoning (that GlobalSantaFe was trying to usurp his right to a jury trial), an employer would be forced to take no action for up to three years while waiting for a potential claimant to come forward with a suit. Under the facts of this case, however, the Court finds this argument unpersuasive. GlobalSantaFe filed suit a mere two days after Mr. Quinn announced he was represented by counsel. This appears to the Court to be a classic example of a race to the courthouse. Courts within this circuit have repeatedly warned against forcing Jones Act seamen into a race to the courthouse to "preserve their choice of forum and their right to a jury, matters which are highly esteemed." Offshore Liftboats, 2012 WL 2064496, at *3 (internal quotation marks omitted) (noting that because the seaman had yet to bring legal action, retaining the declaratory action would only further encourage seamen to race to the courthouse); see also Aries Marine Corp. v. Lolly, 2006 WL 681184, at *3 (W.D. La. Mar. 15, 2006); Rowan, 764 F. Supp. at 1092. Consequently, factors three and four counsel dismissal of the declaratory action.

*C.*

The fifth and sixth Trejo factors address judicial efficiency considerations. See Sherwin-Williams, 343 F.3d at 391-92. The fifth factor asks whether the federal court is a convenient forum for the parties and witnesses. GlobalSantaFe contends that the Eastern District of Louisiana is convenient because Mr. Quinn obtained nearly all of his medical care in the greater New Orleans area. Moreover, counsel for both parties are located in New Orleans. Mr. Quinn, however, is domiciled in Mississippi and GlobalSantaFe is a Delaware corporation with its principal place of business in Texas. Mr. Quinn also represents that he plans to file his lawsuit in a state court either in Mississippi, East Baton Rouge Parish, or Texas. It does not appear that the Eastern District of Louisiana is any more convenient or less convenient of a forum; the parties are located outside the state but the witnesses are located within. Compare Hercules Liftboat Co. v. Jones, No. 07-1236, 2007 WL 4355045, at *3 (W.D. La. Nov. 15, 2007) (noting that a convenient forum would be where the treating physicians are located), with Aries Marine Corp., 2006 WL 681184, at *4 (noting that federal court in Louisiana is presumably inconvenient to the seaman because he lives out of state). Therefore, this factor is neutral.

Regarding the sixth Trejo factor, whether retaining the suit in federal court would serve the purposes of judicial economy,

the Court finds this factor weighs in favor of dismissal.  If Mr. Quinn were to file a Jones Act lawsuit, as he represents he will do, the maintenance and cure issue would also be in focus in that lawsuit.  See Offshore Liftboats, 2012 WL 2064496, at *3 (noting that even though the seaman had yet to file a lawsuit, judicial economy would still not be served by retaining the declaratory action, because were the seaman to bring suit, the maintenance and cure issue would be decided in that action); see also Rowan, 764 F. Supp. at 1092.  Accordingly, the Court finds that judicial economy is better served by one court hearing all the matters arising out of one set of facts.

    The Trejo balance leads the Court to conclude that dismissal of GlobalSantaFe's declaratory action is the better result on this record.  Moreover, the Court's decision is in accord with the "well-established practice that courts in this district dismiss preemptive declaratory judgment actions in maritime personal injury cases." Chet Morrison Offshore, L.L.C. v. Heyden, No. 06-8282, 2007 WL 1428697, at *2 (E.D. La. May 10, 2007); see, e.g., Torch, Inc. v. LeBlanc, 947 F.2d 193, 195 (5th Cir. 1991); Offshore Liftboats, 2012 WL 2064496, at *2; Eldridge v. Magnolia Marine Transp. Co., No. 06-10744, 2008 WL 148310, at *3 (E.D. La. Jan. 11, 2008); Specialty Diving of La., Inc. v. Mahoney, No. 05-1202, 2006 WL 4101325, at *3 (E.D. La. Jan. 31, 2006); R&B Falcon Drilling USA, Inc. v. Crosby, No. 02-2059, 2003 WL 145532, at *2

(E.D. La. Jan. 17, 2003). Accordingly, Charles Quinn's motion to dismiss is GRANTED.

New Orleans, Louisiana, September 24, 2012

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE